2006 U.S. Dist. LEXIS 13834, *

LEXSEE 2006 US DIST LEXIS 13834

GREGORY T. McCARTHY, Plaintiff, vs. REPUBLIC TOBACCO, LP, Defendant.

Case No. C2-05-783

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

*2006 U.S. Dist. LEXIS 13834*

March 16, 2006, Decided

COUNSEL: [*1] Gregory T. McCarthy, Plaintiff, Pro se, Chillicothe, OH.

For Republic Tobacco, LP, Defendant: Bryan R Faller, Porter Wright Morris & Arthur - 2, Columbus, OH.

JUDGES: Edmund A. Sargus, Jr., United States District Judge. Magistrate Judge Kemp.

OPINION BY: Edmund A. Sargus, Jr.

OPINION

OPINION AND ORDER

Plaintiff Gregory T. McCarthy (McCarthy), proceeding *pro se*, originally brought this action in the Court of Common Pleas of Franklin County, Ohio (Case No. 05CVH07 7576), against Defendant Republic Tobacco LP (Republic) [1] seeking monetary damages and injunctive relief for alleged "deliberate deceitful practice of advertising ? in violation of the Ohio Revised Code and Federal Antitrust Laws." Complaint, Doc. 1-2, p.1. Thereafter, McCarthy filed an Amended Complaint asserting that Republic had "perpetrated deliberate deceit on Plaintiff and their customers, violating *Ohio Revised Code Title XIII, Section 1345.02(B)*." Doc. 1-3, p.1. The Amended Complaint demanded "$ 25,000 in damages" and an order that "all deceitful packages [of Defendant's cigarette tobacco] be recalled" and requested fees and costs and unspecified punitive damages. Doc. 1-3, p.3. Defendant Republic has removed the [*2] case to this Court pursuant to *28 U.S.C. § 1332* upon its assertions that Plaintiff McCarthy is a citizen of the State of Ohio while it is not and that the amount in controversy appears to be in excess of $ 75,000. Notice of Removal, Doc. 1-1, PP4, 5, 6, and 7.

  1 McCarthy's complaint was captioned against "Republic Tobacco, LP, et al." but, in fact, it appears from the pleadings that there is no defendant other than Republic in this case.

The case is now before the Court on Defendant Republic's Motion To Dismiss, filed August 23, 2005, pursuant to *Fed. R. Civ. P. 12(b)(6)*, for failure to state a claim upon which relief can be granted (Doc. 5-1), together with the supporting and opposing memoranda and documentation filed by the parties relative to that motion (Docs. 7, 9, and 11). [2] Before considering the merits of that motion, however, the Court finds it appropriate to examine the various claims included in Plaintiff's Complaint to determine the [*3] propriety of exercising federal diversity jurisdiction upon Defendant's Notice of Removal in this case. [3]

  2 Certain other procedural matters may also to be pending (see Docs. 10-1 and 10-2), but in light of the case disposition in this Order, the Court considers that those matters do not require disposition by this Court.
  3 As courts of limited jurisdiction, the federal courts have a duty to examine questions of jurisdiction *sua sponte* where appropriate. *Fed.R.Civ.P. 12(b)(3)*; see *Von Dunser v. Aronoff, 915 F.2d 1071, 1074 (6th Cir. 1990)*; *Franzel v. Kerr Mfg. Co., 959 F.2d 628, 629-30 (6th Cir. 1992)*; *Anderson v. Charter Township of Ypsilanti, 71 F.Supp. 2d 730, 733 (E.D. Mich. 1999)*(citing *Mickler v. Nimishillen & Tuscarawas Ry. Co., 13 F.3d 184, 189 (6th Cir. 1993)*).

As applicable to diversity jurisdiction here, *28 U.S.C. § 1332* provides:

> (a) The district courts [*4] shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between --
>
> (1) citizens of different states;

Chapter 89 of Title 28, initially § *1441*, provides authority and procedures for removal to federal court of cases filed in state courts that meet the above requirements of federal court subject matter jurisdiction. As to cases so removed, *28 U.S.C. § 1447* further provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Although the question has not been raised by either party, [4] for the reasons discussed below, the Court concludes that it does lack subject matter jurisdiction in this case and that remand is therefore required.

> 4  As observed in *Heichman v. American Tel. & Tel. Co. 943 F.Supp. 1212, 1216 (C.D. Cal. 1995)*:
>
>> .... It is irrelevant that the parties believe or wish there to be jurisdiction if the requisite jurisdictional facts do not exist, for "the subject matter jurisdiction of the federal court is too basic a concern to the judicial system to be left to the whims and tactical concerns of the litigants." Wright, Miller & Cooper, Fed. Pract. & Proced.: Jurisdiction 2d § 3522, at 66-68 (2d ed. 1984).

[*5] This case was filed by an individual Ohio citizen in a State of Ohio court, relying on a specific Ohio statute in seeking $ 25,000 in damages for what amounts to alleged mislabeling on certain small packages [5] of cigarette tobacco marketed by Defendant Republic. The stated damages claimed are, of course, only one-third of the $ 75,000 amount necessary to support removal to federal court on grounds of diversity; however, the facts alleged in the amended complaint do not approach supporting even that insufficient $ 25,000 damages claim. [6]

> 5  The amended complaint indicates a gross package weight of approximately 1.4 ozs. containing a net tobacco weight in the range of .75 to .81 oz. Doc. 1-3, pp. 1-2.
>
> 6  Plaintiff in effect complains of a statement, "15% More Free," that Republic began including on the packages of their "TOP" brand of menthol cigarette tobacco sometime in December, 2004. Doc. 1-2, Stmt. of Facts. Plaintiff does not say how much he claims to have been spending on cigarette tobacco at the time, but if he were spending the entire $ 18 he says elsewhere that he had available per month (see Doc. 7, p.4), his total expenditures through filing of this suit in July of the following year would total only $ 144 and, since he would have been receiving *some* tobacco for that expenditure, his net damages claim necessarily even less. Although there may be some further elements of compensatory damages here, the necessarily small size of such claim compared to the stated demand, much less to the required jurisdictional amount, is still clear.

[*6] It is true that Plaintiff also "requests punitive damages," but he states no specific amount. Doc. 1-2, p. 3. In view of the apparent small size of his actual damages claim, the punitive damages "request", even if considered with the treble damages provisions of *Ohio Revised Code § 1345.09(B)*, still clearly does not support a claim that the federal jurisdictional amount is in issue here. Plaintiff makes no such claim, and this Court would not so find if he had.

The party seeking exercise of federal jurisdiction in his favor "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)*. Where, as in this case, a defendant seeks removal to federal court of a state proceeding which does not on its face make a claim within the federal amount-in-controversy requirement, it appears our circuit requires that the defendant demonstrate it is "more likely than not" that the requirement is met. See *Gafford v. General Electric Co., 997 F.2d 150, 157-58 (6th Cir. 1993)*. Assuming for purposes of this analysis that Defendant here has sufficiently demonstrated [*7] the necessary diversity of citizenship, [7] it is never-the-less clear the Defendant has not shown it is "more likely than not" that the amount-in-controversy requirement is met.

> 7  In fact, at this point, the necessary diversity of citizenship is not at all clear because, according to the pleadings and Defendant's representations, Defendant is a limited partnership, and the normal rule in such cases would require that Defendant establish the diverse citizenship of all partners, rather than merely that of the partnership, itself, as it has done in this case. Doc. 1-1, P5; see *Carden v. Arkoma Assoc., 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)*.

On this point, Defendant Republic relies on Plaintiff's damages claims and his "requests [for] injunctive relief in the form of an order requiring Republic Tobacco to recall all packages of Republic Tobacco product that Plaintiff claims contain false advertising." Notice of Removal, Doc. 1-1, P6. According to Defendant, it is the "cost to Republic" of this "requested injunctive [*8] relief, coupled with the monetary and punitive damages" that Defendant asserts

exceeds $ 75,000. Ibid. Especially for cases such as this, however, where it is the defendant who invokes federal removal jurisdiction, the applicable rule, as recently stated by another branch of this court, appears to be as follows:

> Where injunctive relief is requested, the value of the relief for purposes of the amount in controversy requirement is the value of the object of the litigation measured *from the plaintiff's perspective,* that is, the monetary value of the benefit that would flow *to the plaintiff* if the injunction were granted. *Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir.2000); Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc., 120 F.3d 216, 218-20 (11th Cir.1997); Olden v. LaFarge Corp., 203 F.R.D. 254, 260 (E.D.Mich. 2001).*

*Davis v. DCB Financial Corp., 259 F.Supp.2d 664, 675 (S.D. Ohio 2003)*(emphasis supplied).

This statement of the rule is supported by an earlier, extended analysis in *McIntire v. Ford Motor Co., 142 F. Supp. 2d 911 (S.D. Ohio 2001)*, [*9] where then Chief Judge Rice reviews several aspects of the amount-in-controversy requirement including the one involved here. See *Id. at 919-23.* Although recognizing some divergence of opinion in other circuits and in a few district court rulings here, based primarily on a line of consistent Sixth Circuit authority, <sup>8</sup> Judge Rice concludes, in effect, that the above statement in Davis represents the firmly established law of our circuit. See *142 F. Supp.2d 920, 921;*

> 8 See *Wisconsin Elec. Co. v. Dumore Co., 35 F.2d 555 (6h Cir. 1929); Pennsylvania R. Co., 210 F.2d 437 (6th Cir, 1954); Goldsmith v. Sutherland, 426 F.2d 1395 (6th Cir 1970).*

As the amended complaint in this case makes clear, Plaintiff is now well aware of the apparent discrepancy in, or possibly misleading character of, the "15% More Free" claim on Defendant's tobacco package. It is therefore difficult to conceive of any significant value *to Plaintiff* of an [*10] order requiring the Defendant to recall all of its tobacco packages displaying that claim. In accordance with the Consumer Sales Practices provisions of the Ohio Revised Code (O.R.C.), Chapter 1345, it appears Plaintiff has a right to proceed in the Ohio courts on his complaint. See *O.R.C. §§ 1345.04, 1345.09.* It also appears, however, that it is the Ohio Attorney General who has the primary responsibility for enforcing that chapter's provisions for the benefit of Ohio citizens. See *O.R.C. §§ 1345.05-1345.08.* Indeed, Ohio's statute requires that the Attorney General be notified of suits such as Plaintiff's and apparently gives the Attorney General the right to intervene. See *O.R.C. § 1345.09(E).* Irrespective of any other significance this circumstance might have, it clearly does nothing to suggest any hidden, higher value to this plaintiff's individual claim than appears on its face.

In light of the above analysis, this Court cannot find it is "more likely than not" that the federal jurisdictional amount-in-controversy requirement is met in this case. As observed recently by the Third Circuit in [*11] remanding a Pennsylvania consumer complaint case that had been removed by the defendant to federal court:

> .... We repeat the admonition expressed in our case law that in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand. *See, e.g., Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985).* Moreover, estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, "pie-in-the-sky," or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.

*Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 403 (3rd Cir. 2004)*

This Court finds that any realistic estimation of the amount recoverable upon Plaintiff's Amended Complaint in this case falls far short of the amount-in-controversy requirement for removal here under authority of *§§ 1332* and *1441.* It is therefore ORDERED that this case be REMANDED to the Court of Common Pleas of Franklin County, Ohio. Defendant Republic's [*12] Motion To Dismiss (Doc. 5) in this Court is DENIED for want of jurisdiction. The Clerk of this Court is authorized and directed to take all appropriate administrative steps to effectuate this Order.

IT IS SO ORDERED.

3-16-2006

Date

Edmund A. Sargus, Jr.

United States District Judge