**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Principal Manufacturing Corporation,

    Plaintiff,

    v.                          Case No. 1:08cv393

Espey & Associates, Inc.,            Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon Defendant Espey & Associates' ("Espey") Motion to Dismiss (Doc. 5), Plaintiff Principal Manufacturing Corporation's ("Principal") Response in Opposition (Doc. 7), and Espey's Reply (Doc. 8). Subsequent to the filing of Espey's Motion to Dismiss, Principal filed an Amended Complaint. (Doc. 9) Espey filed an additional Motion to Dismiss the Amended Complaint, or in the Alternative to Transfer Venue. (Doc. 11) Principal filed a Response in Opposition. (Doc.14)

**I.**     **BACKGROUND**

Principal is an Illinois corporation with its principal place of business in Broadview, Illinois. (Doc. 9, ¶ 5.) Espey is an Ohio corporation with its principal place of business in Ohio. (Id., ¶ 6.) Espey is a manufacturer's representative. (Doc. 11, Ex. A, Terry McLaughlin Aff., ¶¶ 1, 2.) Principal entered into a Sales Agreement with Espey's predecessor, Carl R. Espey *d/b/a* Espey & Associates. (Id., Ex. B.) Under the Sales Agreement, Principal was to make commission payments to Espey. (Id.) However, Principal fell delinquent in its payments to Espey. On May 19, 2008, Espey gave sixty days

notice of termination to Principal, as it argues it was required to do under the Agreement. According to Espy, the last date of service was July 19, 2008 and Espy would be entitled to commissions through that date. Principal disputes the termination date, and claims that the termination date is May 31, 2008. (McLaughlin Aff., ¶¶ 5 and 6.)

On June 10, 2008, Principal filed its original complaint in this Court. (Doc. 1.) Principal sought a declaration the effective date of termination was May 31, 2008, and that Espey is not entitled to commissions earned between June 1 and July 19, 2008. (Id.)

On September 3, 2008, Espey filed a complaint against Principal for breach of contract, commissions due, declaratory relief regarding the Commission Protection Act, accounting, quantum meruit, and unjust enrichment in the Northern District of Ohio. (Doc. 11, Ex. D.)

On October 17, 2008, Principal filed its Amended Complaint seeking a declaration that (1) Espy's termination is effective as of May 31, 2008; (2) Espey is not entitled to any commissions for products shipped after May 31, 2008; (3) Espey is not entitled to any commissions for products sold in Ohio, West Virginia, Western Pennsylvania, Indiana and Kentucky before May 31, 2008 without any involvement by Espey; (4) the Commission Protection Act does not apply to the parties' business dealings. (Doc. 9, ¶ 4.)

Espey argues that this Court should decline to exercise jurisdiction over Principal's declaratory judgment action. Espey also argues that Principal's Amended Complaint should be dismissed pursuant to Rule 12(b)(3) because venue is not proper in the Southern District of Ohio. Espey maintains that venue is proper in the Northern District of Ohio. In the alternative, Espey argues that this Court should transfer this case to the Northern District of Ohio.

## II. ANALYSIS

### A. Motion to Dismiss Original Complaint

Currently pending before the Court is Espey's Motion to Dismiss Principal's original complaint. However, the filing of Principal's Second Amended Complaint supercedes the original complaint. *See B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008), *citing Drake v. City of Detroit*, No. 06-1817, 2008 WL 482283, at *2 (6th Cir. Feb. 21, 2008) (stating that a prior "complaint is a nullity, because an amended complaint supercedes all prior complaints"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"). Therefore, Espey's Motion to Dismiss the original complaint is DENIED as MOOT.

### B. Jurisdiction

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . " 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

The Sixth Circuit has created five factors that courts should consider when making this determination: (1) whether the judgment would settle the controversy; (2) whether the

declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 813 (6th Cir. 2004), *citing Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). In deciding how to balance these factors, district courts must rely on the "unique and substantial" discretion granted to them by the Declaratory Judgment Act. *Scottsdale*, 513 F.3d at 563.

### 1. Settle the controversy

Espey argues that the declaratory judgment action would not settle the controversy because it does not address the issues of commissions due before May 31, 2009, bonus commissions due, documentation and accounting for sales in Espey's territory, quantum meruit and unjust enrichment. Principal responds that while the declaratory judgment action might not settle the entire controversy, Espey could bring its counterclaims in this Court. The Court finds that this factor does not weigh in favor of or against allowing this action. As the Sixth Circuit has explained:

> The crux of the argument between the parties is whether or not the ability of the [defendants] to file counterclaims that will dispose of all issues in the declaratory-judgment actions can be considered in determining whether the judgments would settle the controversy. Each side argues that the rule the other proposes will swallow this factor, as counterclaims will so often be possible or even compulsory that all declaratory judgments will either be able to or not be able to settle the controversy. We conclude only that in this case, this first factor does not weigh heavily in favor of or against allowing these actions.

*Amsouth Bank v. Dale*, 386 F.3d 763, 785-86 (6th Cir. 2004).

### 2. Useful purpose

Espey argues that the declaratory judgment action would not serve a useful purpose in clarifying legal relations because it would merely determine the issue of liability on a damages claim which has already accrued and is pending in another court. The Sixth Circuit has instructed that "[w]here a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified. *Id.* at 787.

However, Principal counters that when it filed its lawsuit on June 10, 2008, it was seeking clarification of its contractual obligations for the period between June 1, 2008 and July 19, 2008. Principal's argument centers on a distinction announced by the Sixth Circuit in *AmSouth Bank v. Dale* regarding future legal duties and past harm:

> Normally, when a putative tortfeasor sues an injured party for a declaration of nonliability, courts will decline to hear the action in favor of a subsequently-filed coercive action by the "natural plaintiff." *See* 10B Wright, Miller & Mary Kay Kane § 2765 at 638 (3d ed.1998) ("The courts have also held that it is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of nonliability."). This general rule is subject to exception when some additional harm, not merely waiting for the natural plaintiff to sue, will befall the declaratory plaintiff in the meantime. That is, a party who wants, for example, to embark on a marketing campaign, but has been threatened with suit over trademark infringement, can go to court under the Declaratory Judgment Act and seek a judgment that it is not infringing that trademark, thereby allowing it to proceed without the fear of incurring further loss. Similarly, a party with an ongoing contractual relationship who has been accused of breach can go to court and have the contract definitively interpreted, thus allowing it to conform its behavior to the law and stop the potential accrual of damages. The "useful purpose" served by the declaratory judgment action is the clarification of legal duties for the future, rather than the past harm a coercive tort action is aimed at redressing.

*Id.* at 786.

The Court is not persuaded that the minimal "useful purpose" in clarifying Principal's contractual obligations for a period of less than a month weighs in favor of entertaining the declaratory judgment action. Principal merely seeks a declaration as to the effective date of termination. Resolution of this issue only has an effect on the amount of damages payable to Espey. Principal has not identified any way in which it would have altered its behavior if this issue had been clarified before July 19, 2008. At no point did Principal "act at its peril." *Id.*, quoting *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987). It was clear that there would be no ongoing contractual relationship between the parties. Indeed, the very issue in controversy is the date of the termination of the contract. Therefore, the Court concludes that this factor weighs against exercising jurisdiction.

### 3. **Procedural fencing or arena for a race for *res judicata***

The third factor is intended to preclude jurisdiction for "declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *AmSouth Bank*, 386 F.3d at 788. In analyzing this factor, "[t]he question is . . . whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first." *Id.* at 789. However, courts have been "reluctant to impute an improper motive . . . where there is no evidence of such in the record." *Scottsdale*, 513 F.3d at 558. While Espey relies on the timing of the filing of Principal's Complaint, the Court cannot conclude on this basis alone that Principal had an improper motive. Therefore, this factor weighs in favor of exercising jurisdiction.

### 4. Friction between federal and state courts

This factor does not weigh for or against exercising jurisdiction in this case because Principal's action is currently pending in another federal district court. *See Internet Transaction Solutions, Inc. v. Intel Corp.*, 2006 WL 1281654, *8 (S.D.Ohio May 8, 2006) (unpublished) (explaining that fourth factor is inapplicable since both actions filed by the parties are pending in federal district courts).

### 5. Alternative remedy

Espey argues that the Northern District of Ohio can resolve all the claims Principal has raised in this action as well as the additional claims pending before it in the action brought by Espey.

At the outset, the Court notes that first-to-file rule is no impediment to dismissing Principal's declaratory judgment action. The Sixth Circuit has made it clear that "the first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action." *AmSouth Bank*, 386 F.3d at 791, n.8, *citing Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 2001 WL 897452, *3 (6th Cir. July 31, 2001) (unpublished) ("A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing"); *Essex Group, Inc. v. Cobra Wire & Cable, Inc.*, 100 F.Supp.2d 912, 915-17 (N.D.Ind. 2000) (dismissing first-filed declaratory judgment in favor of subsequent coercive action in other federal court); *UAW v. Dana Corp.*, 1999 WL 33237054, *6 (N.D.Ohio Dec. 6, 1999) (unpublished) ("Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a

presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit.").

There is nothing in the record which would indicate that proceeding with the action pending before the Northern District of Ohio is a better and more effective remedy. Both federal courts would be applying state contracts law, and the same parties appear in both courts. Therefore, the Court concludes that this factor neither weighs in favor of or against exercising jurisdiction.

In summary, the only factor which weighs in favor of exercising jurisdiction is Principal's apparent lack of improper purpose. However, the lack of improper motive in filing alone cannot justify the exercise of jurisdiction when all the other factors weigh on the side of declining. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 817 (6th Cir. 2004). Therefore, this Court declines to exercise jurisdiction over Principal's declaratory judgment action.

### III. CONCLUSION

Based on the foregoing, Defendant Espey & Associates' Motion to Dismiss (Doc. 5) is **DENIED as MOOT**; and Espey's Motion to Dismiss the Amended Complaint, or in the Alternative to Transfer Venue (Doc. 11) is **GRANTED**. Plaintiff's Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                       Michael R. Barrett, Judge
                                       United States District Court